UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond Orrand, Administrator, :
et al., :
: Case No. 2:03-cv-635
Plaintiffs, :
: JUDGE SARGUS
v. :
:
PJ Clarke Construction & Supply, Inc.
fka Mason-Clarke, Inc., :
:
Defendant. :

OPINION AND ORDER

On July 3, 2003, Plaintiffs, trustees of four funds governed by the Employee Retirement Income Security Act ("E.R.I.S.A."), 29 U.S.C. §§ 1001, et seq., filed a complaint against Defendant PJ Clarke Construction & Supply, Inc. fka Mason-Clarke Construction, Inc. for delinquent fringe benefit contributions, interest, liquidated damages, costs, injunctive relief, and for an audit of PJ Clarke Construction's payroll records from July 1, 2000 to the present date. On December 12, 2003, Plaintiffs moved both for entry of default and partial summary judgment. Default was entered on March 12, 2004. On May 17, 2004, the Court granted Plaintiffs' motion for partial summary judgment and ordered PJ Clarke Construction to provide Plaintiffs with, or access to, its payroll records for July 1, 2000 to the present. On January 18, 2005, Plaintiffs filed an amended complaint seeking judgment for the period audited, injunctive relief, and for an audit of PJ Clarke Construction's payroll records from December 1, 2004 to the present. On February 23, 2005, Plaintiffs moved for an entry of default and default judgment. Default was entered on March 18, 2005. For the following reasons, Plaintiffs's motion for default judgment will be granted with respect to its monetary claims. The March 18, 2005 entry of default will be vacated with respect to Plaintiffs's claim for an audit for the period December 1, 2004 to the present.

1

I.

The Court declines to restate the basic facts of this action and instead will rely on the facts as set forth in the May 17, 2004 Order. In the instant motion for default judgment, Plaintiffs move for entry of default judgment by the Clerk pursuant to Fed. R. Civ. P. 55(b)(1). Rule 55(b)(1) provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." In this case, the defendant is a business, and not a person who could be an infant or incompetent, and default has been entered against it for failure to appear. Thus, to find that the Clerk properly may enter default judgment, the Court turns to the question of whether Plaintiffs' "claim" is for a "sum certain."

In the amended complaint, Plaintiffs seek a total of $3,807.09 in unpaid contributions for the period March 1, 2001 to November 30, 2004. Plaintiffs seek interest and statutory interest each of $1,834.78 as calculated to January 15, 2005 plus $1.88 per day thereafter. Plaintiffs seek an unknown amount of contributions for the unaudited period from December 1, 2004 to the present. Plaintiffs also request reasonable attorney fees and injunctive relief. Although the claims for $3,807.09 and $1,834.78 in regular and statutory interest are claims for sums certain or sums that can be made certain by computation, the request for an unknown amount for the unaudited period, attorney fees, and injunctive relief are not. See Combs v. Coal & Mineral Management Services, Inc., 105 F.R.D. 472, 475 (D.D.C. 1984) (explaining that a claim for reasonable attorney fees is not a claim for a sum certain); F.T.C. v. Kitco of Nevada, Inc., 612 F.Supp. 1282, 1297 n.10 (D. Minn. 1985)(explaining that a claim for injunctive relief is not a claim for a sum certain).

However, in the motion for default judgment, Plaintiffs limit their request for judgment to the known unpaid contributions for the period from March 1, 2001 to November 30, 2004 of $3,807.09; regular interest of $1,891.67 calculated to February 15, 2005 plus $1.88 per day as long as the judgment remains unpaid; statutory interest of $1,891.67 calculated to February 15, 2005 plus $1.88 per day as long as the judgment remains unpaid; and court costs of $150.00.

These are claims for sums certain. Consequently, the Court must determine whether the term "claim" in Rule 55(b)(1) refers to the relief sought in the complaint or the relief sought in the motion for default judgment.

Although Plaintiffs have not briefed this issue, review of the case law reveals that there is some question as to the meaning of the term "claim" as it is used in Rule 55(b)(1). In United States v. Manos, 56 F.R.D. 655 (S.D. Ohio 1972), the court held that Rule 55(b)(1) authorizes the Clerk to enter default judgment when the complaint is for a sum certain. See id. at 657. Thus, under Manos, "claim" means "complaint." However, in United States v. Rainbolt, 543 F. Supp. 580 (E.D. Tenn. 1982), in determining whether the plaintiff stated a claim for a sum certain, the court looked to the relief sought in the motion for default judgment. See id. at 580. Thus, under Rainbolt, "claim" refers to the relief actually sought in the motion for default judgment, regardless of what relief was requested in the complaint. If the Court follows Manos, Plaintiffs' motion for entry of default judgment by the Clerk would be denied. If the Court follows Rainbolt, Plaintiffs' motion would be granted. The Court declines to take a position on which interpretation of the term "claim" is proper. Instead, because the Court may enter default judgment pursuant to Rule 55(b)(2) as an alternative to the Clerk's entry of a default judgment, the Court will decide whether the relief sought by Plaintiffs is warranted.

## II.

Before reaching the merits of the motion for default judgment, the Court first will address the issues of service of the amended complaint and the entry of default. Regarding service, under Fed. R. Civ. P. 5(a), "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." Thus, the question is whether the amended complaint asserts new or additional claims for relief. In the original complaint, Plaintiffs sought an audit of PJ Clarke Construction's payroll records for the period July 1, 2000 to the present date, judgment in that amount, costs, and injunctive relief. In the amended complaint, Plaintiffs seek judgment for specified amounts discovered during the audit, costs, injunctive relief, and for an audit of PJ Clarke Construction's payroll records from December 1, 2004 to the present.

3

The Court concludes that the request for an audit of PJ Clarke Construction's payroll records from December 1, 2004 to the present is a new claim for relief. This period was not covered by the original complaint. Consequently, service of the amended complaint is required to have been made "in the manner provided for service of summons in Rule 4." Fed. R. Civ. P. 5(a). The amended complaint includes a certificate of service showing that it was served by regular mail. Service by regular mail is not proper under Rule 4. Therefore, within 30 days of the date of this Order, Plaintiffs shall either serve PJ Clarke Construction with a copy of the amended complaint as provided by Rule 4 or file notification with the Court indicating Plaintiffs' intention not to pursue in this action the claims set forth in the amended complaint. Should Plaintiffs no longer desire to pursue in this action the claims set forth in the amended complaint, the Court will enter final judgment for the amounts determined below and terminate the action.

The Court also finds that because service of the amended complaint was not properly effected, the entry of default was not proper. Thus, the entry of default on the amended complaint will be vacated. Nevertheless, the instant motion for default judgment is properly before the Court. That motion seeks judgment for the amounts discovered during the audit period specified in the original complaint. The original complaint sought judgment for that amount although yet unknown at the time. Consequently, the Court construes the instant motion for default judgment as a motion for default judgment on the original complaint. PJ Clarke Construction waived service of the original complaint and default properly was entered on it after PJ Clarke Construction failed to answer or otherwise defend. The Court now turns to the motion for default judgment.

### III.

Plaintiffs seek delinquent contributions of $3,807.09 for the period March 1, 2001 to November 30, 2004, interest of $1,891.67 calculated to February 15, 2005 plus $1.88 per day thereafter as long as judgment remains unpaid, and statutory interest of $1,891.67 calculated to February 15, 2005 plus $1.88 per day thereafter as long as judgment remains unpaid. Plaintiffs submitted the affidavit of Raymond Orrand who is the administrator for the Trustees of the Funds. Mr. Orrand attests to the above amounts. See Motion for Default Judgment, Orrand Aff. ¶6. Plaintiffs also seek court costs of $150.00. Although Plaintiffs have not provided an

affidavit attesting to court costs, the Court judicially notices that $150.00 was the fee for filing a civil suit in this Court. Therefore, Plaintiffs' motion for default judgment will be granted.

IV.

Based on the foregoing, Plaintiffs' motion for default judgment (file doc. #17) is GRANTED. Plaintiffs are awarded $3,807.09 in delinquent contributions, $1,891.67 in interest, $1,891.67 in statutory interest, and $150.00 in court costs. The entry of default on the amended complaint (file doc. #18) is VACATED. Within 30 days of the date of this Order, Plaintiffs shall either serve PJ Clarke Construction with a copy of the amended complaint as provided by Rule 4 or file notification with the Court indicating Plaintiffs' intention not to pursue in this action the claims set forth in the amended complaint.

Date: 6-29-2005

Edmund A. Sargus, Jr.
United States District Judge